UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| WILLIE G. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 11-295-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| | ) | & |
| Commissioner of Social Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

The Plaintiff, Willie G. Williams, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security ("Commissioner") denying Williams's application for Disability Insurance Benefits ("DIB"). The Court, having reviewed the record and for the reasons stated herein, will deny Williams's Motion for Summary Judgment [R. 12], and grant that of the Commissioner [R. 15.]

**I**

Williams filed an application for DIB on November 11, 2005. [Transcript ("Tr.") 69-72.] His Date Last Insured ("DLI") was March 31, 1999. [Tr. 29.] He alleged disability beginning July 15, 1995, due to diabetes, tremors, back problems and gangrene. [Tr. 95.] Williams's application was denied initially and on reconsideration [Tr. 34-35, 42-45, 47-49] and in a decision by Administrative Law Judge ("ALJ") Frank Letchworth on October 30, 2007. [Tr. 151-57.] The Appeals Council remanded the case on January 24, 2008 to further evaluate the claimant's subjective complaints, to obtain evidence from a medical expert, give further

consideration to the severity of his impairments, and to obtain testimony from a vocational expert ("VE") if warranted. [Tr. 39-41.] ALJ Letchworth issued a new decision on June 2, 2008. [Tr. 24-33.] The Appeals Council initially remanded the second ALJ decision for further review because the complete record could not be found, but vacated its prior order once the record was located, and denied Williams's request for review on September 19, 2011. [Tr. 8-10, 12-15, 19-21.] Williams was 53 years old at the expiration of his insured status on March 31, 1999. [Tr. 69.] He had an eighth grade education and past work experience as bricklayer. [Tr. 101, 1409, 1412, 1447, 1474.]

In evaluating a claim of disability, an ALJ conducts a five-step analysis. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. §404.1520(b). Second, if a clamant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional

---

[1] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

2

capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

In this case, at Step 1, the ALJ found that Williams had not engaged in substantial gainful activity since July 15, 1995, the alleged onset date. [Tr. 29.] At Step 2, the ALJ found that Williams had severe impairments through the DLI consisting of diabetes mellitus, right shoulder impingement/tendonitis, and chronic low back pain. [*Id.*] At Step 3, the ALJ found that Williams did not have an impairment or combination of impairments which met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. [Tr. 31.] At Step 4, the ALJ determined that Williams had the residual functional capacity before the DLI to perform light work as defined in 20 C.F.R. § 404.1567(b) with no overhead lifting or overhead motion with the right upper extremity, no more than occasional climbing, stooping, bending, crouching, crawling or operation of foot controls, and no more than simple instructions and occasional and casual contact with other people. [*Id.*] Based on the testimony of a vocational expert ("VE"), the ALJ found that Williams had been unable to perform his past relevant work, but there were other jobs existing in substantial numbers in the regional and national economies which he could have performed. [Tr. 31-33.] Accordingly, ALJ Letchworth concluded that Williams had not been under a disability at any time relevant to the decision. [Tr. 33.] Williams now seeks judicial review of that decision in this Court. The parties have filed cross-motions for summary judgment [*see* R. 12, 15], which are now ripe for the Court's review.

## II

### A

This Court's review is limited to whether there is substantial evidence in the record to

support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id.* (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *Mullen*, 800 F.2d at 545.

**B**

Williams raises several arguments on appeal to this Court. First, he argues that the ALJ failed to follow a directive of the Appeals Council to obtain testimony from a medical expert ("ME"). Second, he contends that the ALJ improperly evaluated his credibility. Third, he contends that the VE's testimony was flawed because she did not cite specific sections from the

Dictionary of Occupational Titles ("DOT") in her testimony.

1

Williams claims that the ALJ erred by ignoring a directive in the initial Appeals Council remand of January 24, 2008 to obtain evidence from a ME "to clarify the nature, course, and severity of the claimant's impairments." [Tr. 40.] However, this Court's review is confined to determining whether the ALJ's decision is supported by substantial evidence as described in Part II A of this opinion. 42 U.S.C. §§ 405(g-h) provide the sole grant of jurisdiction to the courts to review decision of the Commissioner.[2] These sections do not waive the sovereign immunity of the United States, except for the limited purpose of subjecting the Commissioner's *final* decision to judicial review. *See Weinberger v. Salfi*, 422 U.S. 749, 756-59 (1975); *Watson v. Califano*, 487 F.Supp. 179, 182 (D.C.N.Y. 1979). 42 U.S.C. §§ 405(g-h) thus do not give the Court jurisdiction to enforce Appeals Council directives to the ALJ. Moreover, the Appeals Council had the opportunity to cure any error when it issued an order declining Williams's request to review the second ALJ decision. Instead, it "found no reason under our rules to review the [ALJ]'s decision." [Tr. 8.] This superseding action gives no indication that the Appeals Council continued to believe that a ME was necessary. Most tellingly of all, Williams has not even suggested how he was prejudiced by the lack of ME testimony. Accordingly, this argument is without merit.

---

[2] 42 U.S.C. § 405(g) states, in pertinent part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." § 405(h) states in its entirety: "The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."

**2**

Williams asserts that ALJ Miller erred in finding that subjective allegations were not completely credible, based on inconsistencies in his allegations and testimony. An ALJ's credibility findings are entitled to great deference. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). An "individual's statements as to pain or other symptoms shall not alone be considered conclusive evidence of disability . . . ." Rather, there must be medical evidence showing the existence of a medical impairment "which could reasonably be expected to produce pain or the other symptoms alleged," and which, when considered with all the other evidence, "would lead to a conclusion that the individual is under a disability." 42 U.S.C. § 423(d)(5)(A). *See also* 20 C.F.R. § 404.1529.

In *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847 (6th Cir. 1986), the Sixth Circuit set out a two-part test for evaluating subjective complaints of pain.

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

801 F.2d at 853.

Here, the ALJ cited the two-part *Duncan* test and specifically found that while Williams's medically determinable impairments could reasonably be expected to produce the alleged symptoms, his statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. [Tr. 22.] Regarding his right shoulder impingement/tendonitis, the ALJ cited Williams's testimony that he could not lift much with his right hand, had pain in the elbow, and could not lift overhead or fully extend his right arm. [Tr. 29, 1426-261462-66.] In addition, he cited physical therapy notes from March 1997 which

showed that Williams did not comply with treatment, and that his shoulder had hurt for 15 years (i.e., well before the alleged onset date). [Tr. 30, 146, 148.] Williams asserts that is was improper for the ALJ to discount his claim of no effective use of his right upper extremity by contrasting it to his testimony that he could drive until 1998 or 2000, when his license was taken away after a second DUI. [Tr. 31, 1445-47.] Williams notes that he was able to work as a bricklayer for a time with his arm injury, and driving would be less demanding than bricklaying. Even if this is so, Williams is asking the Court to reweigh the evidence. Longstanding Sixth Circuit case law establishes that as long as the ALJ's decision is supported by substantial evidence, "reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Williams's testimony varied at different times, but at the second hearing he stated that his problems were in his elbow, that it would be difficult for him to reach above his head and if he did "a lot of lifting it is going to hurt to lift anything." [Tr. 1464-66.] The ALJ's ultimate RFC finding prohibits overhead lifting or even motion with the right upper extremity and limits Williams to lifting no more than 20 pounds occasionally and 10 pounds frequently, restrictions that are essentially consistent with this version of Williams's story. As the ALJ also noted at the hearing, some of the medical evidence from the relevant period suggests that his range of motion was only minimally affected. [Tr. 148-49, 1455-56.] In short, any error in discounting Williams's credibility because he could drive is harmless in light of other evidence supporting the ALJ's RFC. *Ulman v. Comm'r of Soc. Sec.,* 693 F.3d 709, 714 (6th Cir. 2012).

      Williams also maintains that the ALJ should not have considered issues of medication compliance and substance abuse in his credibility evaluation because they occurred after the DLI. [E.g., Tr. 1186.] These activities have a direct bearing on the credibility of his current

testimony, however. Substantial evidence supports the ALJ's credibility assessment.

### 3

Williams's third and final argument is that the VE did not provide specific DOT numbers corresponding to the jobs she testified would be available to a person of his age, education, and work experience. Nothing in Social Security Ruling ("SSR") 00-4p or the case law places a duty on the ALJ to inquire about specific DOT numbers. SSR 00-4p places an affirmative duty on the ALJ to ask the VE whether her testimony conflicts with the job descriptions in the DOT, but it does not require further inquiry. *Lindsley v. Comm'r of Soc. Sec.,* 560 F.3d 601, 603 (6th Cir. 2009) ("There is little doubt that the ALJ satisfied his obligation under S.S.R. 00-4p by asking VE Breslin about any apparent discrepancies between the information provided by the DOT and that which Breslin himself presented"). ALJ Letchworth inquired about a possible conflict with the DOT and the VE said there was none. [Tr.1476.] Williams asserts that his counsel was "in essence unable to adequately cross-examine the VE...regarding the jobs" without DOT numbers, [R. 12-1 at *11,] but the hearing transcript shows that his counsel had a full opportunity to cross-examine the VE and failed to do so. [*Id.*]

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion for Summary Judgment [R. 15] is **DENIED**;

2. The Defendant's Motion for Summary Judgment [R. 12] is **GRANTED**; and,

3. **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This the 11th day of January, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

9